PAULA BROMBERG,              )

                              )

        Plaintiff(s),         )

                              )

       vs.                 )          Case No. 4:07CV1460 JCH

                              )

DILLARD'S, INC., et al.,       )

                              )

       Defendant(s).      )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed September 17, 2007. (Doc. No. 12). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff filed her original Petition for Damages ("Complaint") in this matter in the Circuit Court for St. Louis County, Missouri, on July 6, 2007. (Complaint, attached to Defendants' Notice of Removal as Attachment 2). Plaintiff named as Defendants Dillard's, Inc., General Growth Properties, Inc., Kone, Inc., and John Doe, an unidentified agent, servant, and employee of Dillard's, Inc. (Id.). Plaintiff further asserted that on information and belief, Defendant John Doe was a resident of the State of Missouri. (Id., ¶ 14).

On August 16, 2007, Defendants Dillard's, Inc. and General Growth Properties, Inc. ("Defendants"), removed the action to this Court, on the basis of diversity jurisdiction. (Doc. No. 1-1). Specifically, Defendants noted that complete diversity existed between Plaintiff and Defendants Dillard's, Inc., General Growth Properties, Inc., and Kone, Inc., and that because he was sued under a fictitious name, the citizenship of Defendant John Doe was irrelevant for purposes of removal on the basis of diversity jurisdiction. (Id., ¶ 16).

As stated above, Plaintiff filed the instant Motion to Remand on September 17, 2007, claiming removal was improper under 28 U.S.C. § 1441(a). (Doc. No. 12). Plaintiff claims the matter should be remanded to state court, because the unnamed Defendant employee, like Plaintiff, is a citizen of the State of Missouri. Defendants counter that the removal statute provides the citizenship of defendants sued under fictitious names is to be disregarded for purposes of removal.

28 U.S.C. § 1441(a) provides as follows:

(a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. *For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.*

Id. (emphasis added). Upon consideration of the foregoing, the Court agrees with Defendants that for purposes of removal, the Court does not consider the citizenship of defendants sued under fictitious names when assessing whether complete diversity exists. See, e.g., Australian Gold, Inc. v. Hatfield, 436 F.3d 1228, 1235 (10th Cir. 2006) ("We join these other circuits in holding, consistent with the text of 28 U.S.C. § 1441(a), that the citizenship of 'John Doe' defendants should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332"); Smith v. Canadian Nat./Illinois Cent. R.R., 2007 WL 986876 at *1 (N.D. Miss. Mar. 29, 2007) (same). Plaintiff's Motion to Remand must therefore be denied.[1]

---

[1] 28 U.S.C. § 1447(c) provides that a removed case shall be remanded if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. Thus, should Plaintiff eventually determine the identity of Defendant John Doe, and that he is in fact a Missouri resident, she may renew her Motion to Remand at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 12) is **DENIED**.

Dated this 2nd day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE