UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAULA BROMBERG, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:07CV1460 JCH |
| DILLARD'S, INC., et al., | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Pleadings to Add Additional Defendants, filed March 14, 2008. (Doc. No. 28). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff filed her original Petition for Damages ("Complaint") in this matter in the Circuit Court of St. Louis County, Missouri, on July 6, 2007. (Complaint, attached to Defendants' Notice of Removal as Attachment 2). Plaintiff named as Defendants Dillard's, Inc. ("Dillard's"), General Growth Properties, Inc. ("General Growth"), Kone, Inc., and John Doe, an unidentified agent, servant, and employee of Dillard's. (Id.). On August 16, 2007, Defendants Dillard's and General Growth removed the action to this Court, on the basis of diversity jurisdiction. (Doc. No. 1-1).

In the instant motion, Plaintiff seeks to file an Amended Complaint, adding as Defendants two new individuals identified by Dillard's in its responses to Plaintiff's First Set of Interrogatories. (Memorandum of Law in Support of Plaintiff's Motion to Amend Pleadings to Add New Defendants, P. 1). Specifically, Plaintiff seeks leave under Federal Rule of Civil Procedure 20(a) to add Clarence Briley and Ray Chapman, the individuals identified by Dillard's as those responsible for inspecting

and repairing the escalators at Dillard's at the time of the incident allegedly giving rise to Plaintiff's injuries. (Id., P. 3).

"'If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.'" Alpers Jobbing Co., Inc. v. Northland Cas. Co., 173 F.R.D. 517, 519 (E.D. Mo. 1997), quoting 28 U.S.C. § 1447(e). "Under § 1447(e) the joinder or substitution of non-diverse defendants after removal destroys diversity, regardless whether such defendants are dispensable or indispensable." Id., (citation omitted).

Plaintiff here does not seek joinder of Briley and Chapman as indispensable parties under Federal Rule of Civil Procedure 19. Thus, under Rule 20[1], the Court is free to permit joinder and remand, or to "continue its jurisdiction over the lawsuit without joinder." Alpers, 173 F.R.D. at 519 (citation omitted).

> In deciding whether to permit joinder, the court must weigh the competing interests of the defendant in maintaining federal jurisdiction and of the plaintiff in joining parties and claims. The inquiry includes consideration of the extent to which the purpose of the amendment is to obtain a remand, whether the request for amendment was timely made, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

Farmers State Bank v. Kansas Bankers Sur. Co., 2005 WL 2233126 at *2 (W.D. Mo. Sep. 13, 2005), citing Alpers, 173 F.R.D. at 520; see also Kirk v. MetLife Investors USA Ins. Co., 2007 WL 4395632 at *1 (E.D. Mo. Dec. 13, 2007).

---

[1] Rule 20(a) provides in relevant part as follows: "Persons....may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

With respect to the first factor, the Court notes Plaintiff initially filed this case in state court, and thus presumably would prefer a remand. Nevertheless, the Court does not find that the main purpose of the proposed amendment is to effect a remand; rather, the Court finds Plaintiff justifiably seeks to add Briley and Chapman as additional Defendants potentially liable for Plaintiff's injuries. With respect to whether Plaintiff was dilatory in seeking leave to amend, the Court notes Plaintiff filed her Motion to Amend within thirty-four days of receiving Dillard's interrogatory answers identifying Briley and Chapman as repairmen, and within the time limit established by this Court for the joinder of additional parties and amendment of pleadings. Finally, the Court concludes it would make little sense to require Plaintiff to try her claims against Dillard's, Kone, Inc. and General Growth in a federal forum, while claims involving the same transaction are tried against Briley and Chapman in state court. See St. Louis Trade Diverters, Inc. v. Constitution State Ins. Co., 738 F.Supp. 1269, 1271 (E.D. Mo. 1990).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Pleadings to Add Additional Defendants (Doc. No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that because the amendment will join non-diverse Defendants, thereby violating the requirement of complete diversity, Plaintiff's Renewed Motion to Remand (Doc. No. 39) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the County of St. Louis, Missouri. A separate Order of Remand will accompany this Memorandum and Order.

Dated this 10th day of April, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE